IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLI KENNEDY,<br><br>  Plaintiff,<br><br>v.<br><br>PEOPLEFIRST HOMECARE & HOSPICE OF INDIANA, LLC,<br><br>  Defendant. | Case No. 1:19-CV-4799<br><br>Judge _____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Peoplefirst Homecare & Hospice of Indiana, LLC ("Peoplefirst"), by and through its undersigned counsel, hereby gives notice that the civil action presently pending in the Marion County, Indiana, Superior Court, Civil Division 7, captioned *Kelli Kennedy v. Peoplefirst Homecare & Hospice of Indiana, LLC*, Case No. 49D07-1911-PL-047297 ("State Court Action"), is removed to this Court on the following grounds:

### I.   Introduction

1. On or about November 11, 2019, Plaintiff filed a Complaint for Damages & Injunctive Relief in the Marion County, Indiana, Superior Court, Civil Division 7, captioned *Kelli Kennedy v. Peoplefirst Homecare & Hospice of Indiana, LLC*, Case No. 49D07-1911-PL-047297. Plaintiff brings claims for alleged violations Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 related to her employment at Peoplefirst.

## II. Removal Procedures and Venue

2. In accordance with 28 U.S.C. §1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached to this Notice.

3. The State Court Action was filed in the Marion County, Indiana, Superior Court, Civil Division 7, on November 11, 2019. Defendant first received service of the Summons and Complaint on or about November 15, 2019, via certified mail.

4. In accordance with 28 U.S.C. §1446(b), this Notice of Removal was timely filed within thirty (30) days of Defendant's receipt of service of the Complaint and Summons.

5. Venue is properly placed in the United States District Court for the Southern District of Indiana, Indianapolis Division, because it is the district court for the district and division within which the state action is pending, in accordance with 28 U.S.C. § 1446(a).

6. Undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Defendant's "Notice of Filing Notice of Removal" has been served upon counsel for Plaintiff, Christopher K. Starkey, 406 South Harrison Street, Shelbyville, Indiana 46176.

7. Undersigned counsel further certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, a copy of same, along with Defendant's "Notice of Filing Notice of Removal" has been filed with the Clerk of the Court of Marion County, Indiana, Superior Court.

### III. Federal Question Jurisdiction

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 as this case involves a civil action arising under the Constitution, laws, or treaties of the United States. Accordingly, Defendant may remove this case pursuant to 28 U.S.C. § 1441, provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made.

9. The facts of the Complaint allege causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. The Complaint raises federal questions pursuant to 28 U.S.C. § 1331 because the Plaintiff seeks relief under laws of the United States.

10. The causes of action set forth in the Complaint do not constitute non-removable actions under 28 U.S.C. § 1445.

### IV. Diversity of Citizenship Jurisdiction

11. Alternatively, removal of this is action is proper under 28 U.S.C. § 1332, diversity of citizenship jurisdiction, in that this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

12. Upon information and belief, Plaintiff is a resident of the State of Indiana. Defendant is a limited liability company formed in the State of Delaware. Defendant's sole member, Kindred Hospice Services, LLC ("KHS"), is also a limited liability company formed in the State of Delaware. KHS's sole member, Gentiva Health Services, Inc., is a Delaware corporation with its principal place of business in Atlanta, Georgia. Thus, because none of

Defendant's members is a citizen of Indiana, Plaintiff and Defendant have diversity of jurisdiction in accordance with 28 U.S.C. § 1332.

13. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Despite the lack of specific damages in the Complaint, a cause of action may be removed where the Defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Martinsville Corral, Inc. v. Soc'y Ins.*, 2018 U.S. Dist. LEXIS 29322 at *7–8 (S.D. Ind. Feb. 23, 2018). The preponderance of evidence standard requires only that the Defendant allege facts sufficient to establish that the Plaintiff would more likely than not seek to recover more than the jurisdictional amount. *Id.*

14. Plaintiff has not pled that she will seek less than $75,000.00, and her Complaint does not establish with a legal certainty that damages are less than $75,000.00.

15. Furthermore, 42 U.S.C. § 2000e *et seq.* allows Plaintiff to recover compensatory damages, punitive damages, and attorneys' fees.

16. Additionally, 42 U.S.C. § 1981 *et seq.* allows Plaintiff to recover uncapped compensatory damages, punitive damages, and attorneys' fees.

17. Plaintiff earned $15.50 per hour at the time of her termination. Thus, by the time of trial, Plaintiff's back pay damages alone would likely exceed $65,000.

18. Considering the availability of compensatory damages including back pay, front pay, and emotional distress, as well as punitive damages and attorneys' fees, it is facially apparent from the Complaint that Plaintiff's claims for relief exceed $75,000.00. *See Lovett v. Affiliated Computer Sys.*, 2012 U.S. Dist. LEXIS 118709 at *4–5 (S.D. Ind. Aug. 20, 2012) (denying plaintiff's motion to remand in part because of the availability of unspecified compensatory and punitive damages for discrimination and retaliation under Title VII).

19.  Accordingly, the preponderance of the evidence standard is satisfied in this case because the amount in controversy more likely than not exceeds the $75,000 jurisdictional limit.

**WHEREFORE**, Defendant prays that said action now pending in the Marion County, Indiana, Superior Court, Civil Division 7 be removed to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Date:  December 5, 2019

Respectfully submitted,

/s/ Charles M. Roesch

Charles M. Roesch
**DINSMORE & SHOHL LLP**
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
(513) 977-8200
(513) 977-8141 (fax)
chuck.roesch@dinsmore.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on December 5, 2019, a copy of the foregoing document was provided to counsel for Plaintiff via email and U.S. mail, postage prepaid, at the following address:

Christopher K. Starkey
406 South Harrison Street
Shelbyville, Indiana 46176
StarkeyCK@msn.com

*Attorney for Plaintiff*

/s/ Charles M. Roesch
Charles M. Roesch

15674678.1